UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61126-RS

ANTHONY SCLAFANI,

    Plaintiff,

v.

CITY OF MARGATE,

    Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS**

This matter is before the Court upon Defendant's Motion to Dismiss Amended Complaint [DE 17] (the "Motion"), Plaintiff's Opposition [DE 21], and Defendant's Reply [DE 22]. For the reasons that follow, Defendant's Motion is granted with leave to replead.

**I.    BACKGROUND**

This is an action brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.* ("FCRA"). Plaintiff, Anthony Sclafani, a police officer, brings this action against his employer, Defendant, City of Margate, Florida (the "Defendant" or the "City"), for alleged workplace discrimination on the basis of age. (Am. Compl. [DE 14] ¶¶ 1-5.) According to the Amended Complaint, Defendant hired Plaintiff as a police officer in September 1996 and promoted him to Police Sergeant in October 2015. (*Id.* ¶ 14.) At all relevant times, Defendant regarded Plaintiff as an individual employee who was over forty years old. (*Id.* ¶ 16.) Plaintiff's primary duties include supervision of officers and road patrol. (*Id.* ¶ 15.) Plaintiff alleges that he was routinely dismissed and not taken seriously when presenting his commanding officers with complaints about the problematic behavior of his inferior officers. (*Id.* ¶¶ 17, 18.) On one occasion, Plaintiff wrote a

negative performance review for one such officer, only to have a commanding officer write a subsequent positive review for that same officer in question. (*Id.* ¶ 22.) On another occasion, Plaintiff alleges that a commanding officer undermined and humiliated Plaintiff by interrupting a briefing Plaintiff was leading with his unit and by taking charge of the briefing. (*Id.* ¶ 26.) In all, Plaintiff alleges that he was consistently treated condescendingly in the presence of his subordinates by Defendant and that this treatment was a result of Defendant targeting him because of his age. (*Id.* ¶¶ 17, 26, 51-56.)

In March 2020, Defendant issued Plaintiff's yearly evaluation, where he received the highest marks for his performance on the job. (*Id.* ¶ 35.) The next month, the City's Police Captain (who also served as one of Plaintiff's supervisors) was unhappy with the evaluation and demanded that the narrative be changed and the overall rating lowered. (*Id.* ¶ 36.) Plaintiff understood this to be a significant departure from department policy. (*Id.*) Plaintiff's original evaluation stated: "he has an excellent communication style" and "he's approachable" but the revised evaluation stated: "he has a very direct communication style . . . however, that style of communication does not always work well with Millennial officers that comprise the majority of his Platoon." (*Id.*) This new evaluation also noted that Plaintiff needed to be more in tune with the idiosyncrasies of Millennial officers and mindful of the "generation gap" in order to improve his relationships with younger officers. (*Id.*) Plaintiff refused to sign the amended evaluation; instead, he offered a formal rebuttal to be included with the amended evaluation. (*Id.*) Plaintiff alleges that this treatment, particularly the repeated references to "Millennials" and the "generation gap," was a result of Defendant targeting him because of his age. (*Id.* ¶¶ 36, 70-72.)

Following the evaluation, Plaintiff alleges that Defendant gave him additional, stressful work beyond the scope of his normal responsibilities in order to force him to retire early. (*Id.* ¶¶ 44, 47.) This included an investigation into an arrest where there may have been evidence

2

misplaced or misappropriated; Plaintiff alleges that such an internal investigation is beyond the scope of his normal responsibilities and, as such, caused him hardship. (*Id.*) Plaintiff further alleges that Defendant denied his request for additional bereavement leave following the death of his sister in January 2022. (*Id.* ¶ 47.) According to Plaintiff, Defendant continues to give Plaintiff additional responsibilities in order to force his early retirement, and Plaintiff suffers from depression and anxiety due to Defendant's actions. (*Id.* ¶¶ 47-48.)

Plaintiff's Amended Complaint brings four counts against Defendant: (1) violation of the ADEA for discrimination based on age; (2) violation of the FCRA for discrimination based on age; (3) violation of the ADEA for hostile work environment due to age discrimination; and (4) violation of the FCRA for hostile work environment due to age discrimination.

## II.   LEGAL STANDARD

Defendant moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where a plaintiff fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). To state a claim for relief, a plaintiff's allegations must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not rest on "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a motion under Rule 12(b)(6), courts must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the

3

plaintiff. *See United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, this tenet does not apply to legal conclusions, as courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Iqbal*, 556 U.S. at 678. Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *ADA v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *ADA*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 679).

### III.   DISCUSSION

#### A.   Age Discrimination

Plaintiff's Count I and Count II are both for discrimination on the basis of age, with Count I brought under the ADEA and Count II brought under the FCRA analogue. The ADEA makes it "unlawful for an employer to…discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The FCRA tracks the language of the federal statute in also prohibiting age discrimination in the workplace. Fla. Stat. § 760.10(1)(a). Courts applying the FCRA follow federal law applying the ADEA. *See City of Hollywood v. Hogan*, 986 So. 2d 634, 641 (Fla. 4th DCA 2008) ("Federal case law interpreting . . . the ADEA applies to cases arising under the [Florida] CRA."); *see also Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1310 (11th Cir.

2007).

To establish a case of age discrimination, a plaintiff must show that: (1) he was a member of a protected class (i.e., that he was forty years old, or older); (2) he was subjected to an adverse employment action; (3) he was treated less favorably than a younger, similarly situated employee; and (4) he was qualified to do the job. *East v. Clayton Cty.*, 436 F. App'x 904, 911 (11th Cir. 2011) (citing *Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1457 (11th Cir. 1997)). An ADEA claim requires that the plaintiff prove that his age was the sole, or "but for," reason for the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). Moreover, establishing an "adverse employment action" requires a plaintiff to show a "serious and material change in the terms, conditions, or privileges of employment . . . as viewed by a reasonable person in the circumstances." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001). "[T]he asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." *Id.*

Plaintiff's Count I and Count II allege that Defendant engaged in unlawful age discrimination against Plaintiff by dismissing his legitimate concerns, downgrading his performance evaluation, increasing the scope of his work, and generally undermining him before his colleagues. Defendant counters that it did not engage in unlawful age discrimination and that, in any event, Plaintiff was never subject to an adverse employment action as required to plead a claim under the ADEA.

The Court finds that Plaintiff's Count I and Count II both fail as a matter of law. Plaintiff's Amended Complaint fails to adequately plead that Plaintiff was subject to an adverse employment action due to his age, as is required under both statutes. *See Davis*, 245 F.3d at 1239-40. *Davis* is instructive. In that case, the Eleventh Circuit affirmed the district court's granting of defendant's motion for judgment as a matter of law on plaintiff's discrimination claim because plaintiff's

5

negative job performance memoranda and a change in work assignments did not qualify as "adverse employment actions" as a matter of law. *See id.* As in *Davis*, here, Plaintiff attempts to support his discrimination claim with reference to his downgraded performance evaluation and his increased workload as evidence of adverse employment actions. But these incidents do not rise to the level of adverse employment actions under the statutory framework of the ADEA or its FCRA analogue because they do not have a "tangible adverse effect on the plaintiff's employment." *Id.* at 1239. If Defendant had used the downgraded performance evaluation as a basis to lower Plaintiff's salary or bonus structure, then this combination may have risen to the level of an adverse employment action. *See, e.g., Porterfield v. SSA*, Case No. 20-10538, 2021 WL 3856035 (11th Cir. Aug. 30, 2021) (finding that an employee's lower performance evaluation score was an adverse employment action because she received a lower bonus as a result). But the Amended Complaint is devoid of any allegations that Plaintiff was demoted, terminated, subject to pay reductions, or that Plaintiff experienced material changes in the terms, conditions, or privileges of his employment. Because Plaintiff did not suffer an adverse employment action, he has failed to state a claim for relief under the ADEA or its FCRA analogue, and thus Plaintiff's Count I and Count II will be dismissed.

Even assuming, *arguendo*, that Plaintiff had suffered an adverse employment action, his discrimination claims would still fail because he has not alleged that age was the sole reason for any alleged adverse employment action. To support an age discrimination claim, a plaintiff must allege that age was the sole, or "but for," reason for the alleged adverse employment action. *Gross*, 557 U.S. at 177. Here, Plaintiff's allegations do not claim that age was the sole reason for any allegedly adverse employment action. Plaintiff generally alleges that Defendant discriminated against him and that "Defendant had no good faith basis for discrimination against the Plaintiff." (Am. Compl. ¶¶ 55-56, 61.) These allegations do not claim that age was the sole, or but for, reason

for Defendant's alleged discrimination or any alleged adverse employment action suffered by Plaintiff. Thus, Plaintiff fails to state a claim for relief under either the ADEA or the FCRA, and Plaintiff's Count I and Count II are due for dismissal.

      **B.**      **Hostile Work Environment Due to Age Discrimination**

Plaintiff's Count III and Count IV allege that he was subject to a hostile work environment because of his age in contravention of the ADEA and the FCRA. Defendant argues that Plaintiff's claims are barred because Plaintiff failed to exhaust all administrative remedies by filing a charge for hostile work environment with the Equal Employment Opportunity Commission ("EEOC"), and that Plaintiff's claims fail as a matter of law because any alleged harassment or hostility was insufficiently severe or pervasive to alter any term or condition of Plaintiff's employment.

Under the ADEA, a plaintiff must exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing suit. *Leach v. State Farm Mut. Auto. Ins. Co.*, 431 Fed. App'x 771, 774-75 (11th Cir. 2011). The EEOC charge must present each claim of discrimination and supporting factual allegations so that a defendant may have notice of any impending claims. *See Barnwell v. McDonald*, Case No. 16-CV-23194, 2017 U.S. Dist. LEXIS 158170 at *6 (S.D. Fla. Sept. 27, 2017) ("Well settled law requires exhaustion of each discrete claim of discrimination.") (internal citation omitted). Defendant here argues that, because Plaintiff's EEOC charge did not specifically raise a hostile work environment claim, that claim must be procedurally barred. The Court disagrees.

The Court finds that Plaintiff's Count III and Count IV for hostile work environment due to age discrimination are not procedurally barred, but that both fail as a matter of law. The allegations supporting Plaintiff's hostile work environment claims clarify and more clearly focus the allegations in Plaintiff's EEOC charge, and the alleged events give rise to a claim for hostile work environment. *See Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th

Cir. 2004) ("[J]udicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint.") (internal citations omitted). As such, Plaintiff's hostile work environment claims are not procedurally barred. *See id.* at 1280 ("Courts are extremely reluctant to allow procedural technicalities to bar claims brought under the Act…as such, the scope of an EEOC complaint should not be strictly interpreted.") (internal citations omitted).

Moving to the merits of Plaintiff's claims in Count III and Count IV, an employer is responsible for a hostile work environment, and therefore violates the ADEA, where "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1152 (11th Cir. 2020) (internal citation omitted). The elements of a cause of action for hostile work environment under the ADEA and FCRA are that: (1) a plaintiff belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on his age; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis exists for holding the employer liable for the harassment. *See id.* at 1153; *see also Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

The plaintiff's work environment must be one that both a reasonable person would find hostile, and that the victim subjectively perceived to be hostile. *Miller*, 277 F.3d at 1276. To evaluate the objective severity of the harassment, courts consider the totality of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993).

Although Plaintiff's Count III and Count IV are not procedurally barred, they both fail as a matter of law because Plaintiff has not alleged that any harassment was sufficiently severe or

pervasive so as to alter the terms or conditions of Plaintiff's employment. The conduct at issue was not frequent, as Plaintiff has worked for Defendant since 1996 (and was promoted in 2015) but has only experienced any alleged episodic hostile events beginning in or around September 2019 up through March 2020. Further, Defendant's conduct never crossed the line from offensive utterance to physical threats or intimidation of Plaintiff. And although the conduct complained of could be labelled as insensitive, it was not of such severity as to alter the terms of Plaintiff's employment, or to an extent that a reasonable person would find Plaintiff's place of employment a hostile environment. Thus, Plaintiff's Count III and Count IV will be dismissed with leave to replead.

Accordingly, and for the reasons stated herein, it is hereby,

**ORDERED** that Defendant's Motion to Dismiss Amended Complaint [DE 17] is **GRANTED**:

1. Plaintiff's Amended Complaint [DE 14] is **DISMISSED without prejudice**.
2. Should Plaintiff seek to file an Amended Complaint, any Amended Complaint would be due on or before **July 14, 2023**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 6th day of July, 2023.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record